**Donald H. DUKE, Plaintiff-Appellant,**

v.

**Stephen P. WHITE and Charles Holmes, Defendants-Appellees.**

No. 78–3055.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1980.

Decided March 5, 1980.

David E. Murrell, Deputy Public Defender, Frankfort, Ky., for plaintiff-appellant.

Robert F. Stephens, Atty. Gen. of Ky., Carl T. Miller, Jr., Reid C. James, Asst. Attys. Gen., Frankfort, Ky., for defendants-appellees.

Before EDWARDS, Chief Judge, and CELEBREZZE and BROWN, Circuit Judges.

PER CURIAM.

Appellant in this case appeals from an order dismissing his civil rights action against the trial court judge and the commissioner of the Kentucky Bureau of Corrections. His suit sought the expungement of the record of his state felony conviction in 1970 for possession of an illegal gambling contrivance. Appellant had previously appealed his conviction to the highest court of Kentucky, where it was affirmed unanimously. *See Duke v. Commonwealth of Kentucky*, 474 S.W.2d 885 (Ky.1972). There the Court of Appeals of Kentucky (then Kentucky's highest court) held that a search of the premises of the Thoroughbred Sup-

per Club by officers of the Alcoholic Beverage Control Board was authorized under Kentucky Statute KRS 241.090, even though no search warrant had been procured.

In this federal litigation, filed long after appellant had served his prison term, appellant sought to invoke jurisdiction under 28 U.S.C. §§ 1343, 1651 (1976); 42 U.S.C. § 1983 (1976), and the Fourth and Fourteenth Amendments to the Constitution of the United States. The only relief sought was that of an injunction to require the defendants to expunge the felony conviction previously affirmed by the Kentucky Supreme Court on the ground that the search of the premises which had resulted in seizure of the gambling device was a violation of the Fourteenth Amendment.

■■■ This action cannot be treated as a petition for writ of habeas corpus since appellant was not in custody in any fashion when the complaint was filed. The right to expungement of state records is not a federal constitutional right. Neither the Legislature of Kentucky nor the Congress of the United States has seen fit to adopt expungement statutes.

The judgment of the District Court dismissing the complaint is affirmed.

BAILEY BROWN, Circuit Judge (concurring).

I agree with the result reached in this opinion and the reasons therefor set out in the opinion. I would, however, add an additional reason. It appears to me that appellant is, in effect, seeking to use 42 U.S.C. § 1983 as a vehicle for making a collateral attack on a state criminal conviction, that is to say, is seeking to use § 1983 as a substitute for habeas. This, I believe, he cannot do.