**William EUTZY, Appellant,**

v.

**Rudy J. TESAR, Appellee.**

**No. 89–1590.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1989.

Decided Aug. 3, 1989.

James R. Murray, Washington, D.C., for appellant.

Ronald E. Bucher, Omaha, Neb., for appellee.

Before LAY, Chief Judge, BOWMAN, Circuit Judge, and DUMBAULD,* Senior District Judge.

PER CURIAM.

William Eutzy is currently on death row in a Florida state prison for the 1983 murder of a cab driver. The death sentence is based on two statutorily prescribed aggravating factors: the crime was committed "in a cold, calculated, and premeditated" manner and Eutzy had previously been convicted of a "crime of violence."[1] Eutzy's prior crime of violence relates to a 1958 armed robbery conviction in Nebraska state court. Eutzy subsequently filed a petition for a writ of federal habeas corpus in the United States District Court for the Northern District of Florida. In that peti-

---

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The trial court also found that the murder occurred in the course of a robbery and this

constituted a third aggravating factor. On direct appeal of the conviction and sentence, however, the Supreme Court of Florida reversed this finding. *Eutzy v. State*, 458 So.2d 755, 758 (Fla. 1984).

tion, which is presently pending before the district court, Eutzy challenges the constitutionality of both of the aggravating circumstances used in sentencing him to death. In the present proceeding, Eutzy filed an action in the United States District Court for the District of Nebraska based on 42 U.S.C. § 1983 against Rudy J. Tesar, Clerk of the District Court of Douglas County, Nebraska. In that suit, Eutzy alleged that his 1958 Nebraska conviction was unconstitutional and sought a court order from the federal district court to expunge his record of that conviction. The federal district court[2] in Nebraska granted Tesar's motion for summary judgment on the ground that Eutzy failed to state a claim and, even if he had stated a claim, the action was barred by the applicable statute of limitations. Eutzy appeals this decision. We affirm.

First, we agree with the district court's conclusion that "[t]he right to expungement of state records is not a federal constitutional right." *Duke v. White*, 616 F.2d 955, 956 (6th Cir.1980). Eutzy has therefore failed to properly state a claim under section 1983.

Second, we accept as fundamental the fact that Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). A petitioner may not obviate the comity concerns of exhaustion and procedural forfeiture by substituting section 1983 for federal habeas corpus to attack a state court conviction. *Cavett v. Ellis*, 578 F.2d 567, 569 (5th Cir.1978).

We therefore affirm the district court's decision to grant Tesar's motion for summary judgment.

---

2. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.