Charles CAMARDO, Plaintiff,

v.

Kenneth WALKER, Chairman, Rhode Island Parole Board and the Rhode Island Parole Board, Defendants.

Civ. A. No. 90–0422H.

United States District Court,
D. Rhode Island.

June 17, 1992.

Charles Camardo, pro se.

Dorothy Fobert, Providence, R.I., for defendants.

## MEMORANDUN AND ORDER

HAGOPIAN, United States Magistrate Judge.

The instant matter has been referred for the conduct of all proceedings, including trial and entry of judgment with direct appeal to the United States Court of Appeals for the First Circuit. 28 U.S.C. § 636(c). Before the Court is the Defendants' Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6) as to all claims contained in the Plaintiffs' Complaint.

## I. INTRODUCTION

Plaintiff Charles Camardo, who is appearing pro se, is confined at the Rhode Island Department of Corrections, Adult Correctional Institutions (ACI) in Cranston, Rhode Island. The Plaintiff, the non-moving party, has filed a Complaint invoking the remedial provisions of 42 U.S.C. § 1983. Specifically, the Plaintiff alleges that he was denied a timely parole revocation hearing and, as a result, that he suffered a deprivation of his rights to due process and equal protection of the law protected by

the U.S. Constitution. The Plaintiff requests that the court to order an immediate de novo parole hearing, the findings of which shall be reported to the court. The Plaintiff also requests that the court order the removal of certain information from his central file with the Department of Corrections.

## II. BACKGROUND

In 1986, the Rhode Island Parole Board (the Board) voted to grant the Plaintiff parole. However, one year following his release, the Plaintiff violated his parole conditions. The Plaintiff's parole counselor lost contact with the Plaintiff at this time. The Lincoln Police Department identified the Plaintiff as a burglary suspect during this period. Consequently, the Board issued a parole revocation warrant with respect to the Plaintiff in September of 1987.

The Plaintiff was arrested by the Lincoln Police Department in October of 1989 and was remanded to the ACI pending trial on the burglary charge. The Defendants immediately lodged a parole detainer, prohibiting the Plaintiff from posting bail and restricting the Plaintiff's movement while being held at the ACI. In December of 1989 the Plaintiff was sentenced to the ACI after conviction on the burglary charges.

The Plaintiff appeared before the Board in April of 1990 for a parole determination applicable to his December 1989 sentence. Unaware of Plaintiff's outstanding revocation warrant, the Board voted to parole Plaintiff on his December 1989 sentence. Shortly thereafter the Plaintiff's parole counselor identified the Plaintiff as the subject of an outstanding revocation warrant. The Board served the Plaintiff with a notice of parole violation. After the Plaintiff waived a preliminary hearing, the Board voted to revoke the Plaintiff's parole.

## III. DISCUSSION

### A. The Standard for Motion to Dismiss

The claims against the Defendants contained in the Plaintiff's Complaint should only be dismissed pursuant to Fed.R.Civ.P.

12(b)(6) if it appears beyond doubt that the Plaintiff "can prove no set of facts in support of [his] claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *Accord H.K. Porter Co., Inc. v. Nicholson File Co.,* 353 F.Supp. 153, 159–160 (D.R.I. 1973); *Harper v. Cserr,* 544 F.2d 1121 (1st Cir.1976); *Newport Nat'l Bank v. United States,* 556 F.Supp. 94, 95 (D.R.I.1983); *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989).

### B. Claims Under 42 U.S.C. § 1983

■ The Plaintiff, the non-moving party, has filed a Complaint invoking the remedial provisions of 42 U.S.C. § 1983. The Plaintiff alleges that he was denied a timely parole revocation hearing and, as a result, that he suffered a deprivation of his rights to due process and equal protection of the law protected by the U.S. Constitution. The Plaintiff seeks declaratory and injunctive relief.

In order to state a viable claim under § 1983 based upon the sort of non-intentional conduct in which the Plaintiff alleges the Defendants engaged, the Plaintiff must aver that the Defendants acted with deliberate indifference. *See Manarite v. City of Springfield,* 957 F.2d 953, 955–56 (1st Cir.1992) (citing *Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991)). *See also Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) (one may not recover in a civil rights claim alleging negligence without more). To allege an actionable § 1983 claim arising out of unintentional conduct, one must allege deliberate indifference, which requires "more than ordinary negligence and probably more than gross negligence." *Manarite,* at 955–56 (citing *Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). Specifically, the First Circuit Court of Appeals has defined deliberate indifference as "recklessness not in the tort-law sense, requiring actual knowledge [or wilful blindness] of impending harm, easily preventable." *DeRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir.1991). See *Bowen v. City of Man-*

*chester,* 966 F.2d 13 (1st Cir.1992) (negligence of guards in leaving a lockup unattended does not constitute deliberate indifference, even when a person in custody commits suicide during an absence of supervision).

Here the Plaintiff does not allege that the Board intentionally and deliberately denied the Plaintiff the benefit of a timely parole revocation hearing. Viewing the factual allegations in a light most favorable to the Plaintiff, they amount to no more than negligence by the Defendants in failing to provide the Plaintiff with a timely hearing. Thus, the Plaintiff has not stated a viable claim under 42 U.S.C. § 1983.

C. Habeas Corpus v. 42 U.S.C. § 1983

 "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973). By requesting a new parole revocation hearing, the Plaintiff could be, in essence, seeking his release from confinement. To the extent that the Plaintiff is seeking his release, his remedial vehicle must be a petition for a writ of habeas corpus, rather than via the remedial provisions of § 1983. "[H]abeas corpus has been accepted as the specific instrument to obtain release from such confinement." *Preiser,* at 486, 93 S.Ct. at 1834.

D. Relief Requested

A new parole hearing is not an available remedy under § 1983 for the deprivations which the Plaintiff claims to have suffered. Likewise, the Plaintiff's request that the court order the removal from his central file of all prejudicial and improper information can not be granted. This part of the Plaintiff's claim also reduces itself to unintended loss or injury resulting from negligent acts by state officials. The due process clause is simply not implicated by such an injury because there is no depriva-

tion of life, liberty or property under the Fourteenth Amendment. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Moreover, expungement of the state's records is not a right of federal constitutional dimension. *Eutzy v. Tesar,* 880 F.2d 1010 (8th Cir. 1989).

IV. CONCLUSION

Plaintiff Camardo, the non-moving party, has failed to allege facts which could entitle him to relief. A claim under 42 U.S.C. § 1983 must allege more than mere negligence. Plaintiff Camardo alleges only evidence of the Board's negligence in failing to grant him a timely parole revocation hearing. His claim, therefore, is not a viable one under § 1983.

Accordingly, the Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is granted. The Clerk shall enter judgment in favor of the Defendants forthwith.