**George Edward FRENCH, Appellant,**

v.

**Lt. Dedrick A. BEARD; CO–I Dickey Youngblood, Appellees.**

No. 91–3339.

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1993.

Decided May 11, 1993.

Rehearing and Rehearing En Banc Denied July 14, 1993.

Appellant appeared pro se.

David Eberhard, Asst. Atty. Gen., Little Rock, AR, for appellees.

Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

George Edward French, an Arkansas inmate, appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas upon a jury verdict in favor of defendants in this 42 U.S.C. § 1983 action. For reversal appellant argues the District Court erred in (1) denying his motion for a new trial on the ground that the verdict was against the weight of the evidence and (2) dismissing defendants Major Richard Wright and Assistant Warden Ray Hobbs.

French claimed that defendants—Warden Tim Baltz, Hobbs, Wright, Lieutenant Dedrick Beard, and CO–I Dickie Youngblood—failed to protect him from attack by another

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

inmate. The district court partially granted defendants' motion to dismiss as to Baltz, Hobbs, and Wright, appointed an attorney for French, and held a two-day jury trial on the claim against Beard and Youngblood.

French testified that, in the early morning of January 22, 1989, inmate Mark Burton, who slept in the bed next to him, sexually and physically assaulted him. French filled out an incident report, indicating that he did not want to sleep next to Burton, and Hobbs placed French in isolation. French testified that the next afternoon, Wright transferred him to barracks four, separating him from Burton. Later that day, however, barracks supervisor Youngblood allowed Burton access to barracks four, and Burton hit French and kicked out three of his teeth. French testified that Youngblood did not try to prevent the attack or call for help until Burton had left the barracks, and when Beard (Youngblood's supervisor) escorted French to the infirmary, Beard told him he knew this was going to happen. French testified that Wright and Hobbs released him to the general population "knowing his life was at stake."

Beard admitted that he had not trained Youngblood before Youngblood started his first shift that day, and he testified he did not remember whether he told Youngblood to keep Burton and French apart, but that he could have discussed the subject. Youngblood admitted that Burton's name was not on the roster for barracks four, he did not call security to check if Burton was authorized to enter the barracks, he disregarded his training and written policy by letting Burton in the barracks, and he thought Burton belonged there because Burton told him he did. He further testified that he had no knowledge of a conflict between French and Burton before the attack.

The jury returned a verdict for defendants. French timely moved for a new trial, arguing that the verdict was against the weight of the evidence.

■ The district court denied the new trial motion. The district court concluded that the jury "determined that the actions of defendants did not amount to reckless disregard," and that, "while the Court may not have reached the same conclusion," it could not say that the verdict was against the " 'clear weight, overwhelming weight, or great weight of the evidence,' " quoting *Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 416 (8th Cir.1985). The district court stated that it was "persuaded that the trial did not result in a miscarriage of justice," and "giving full respect to the jury's verdict, the Court cannot find that the jury erred."

■ The district court applied the correct standard in determining whether the verdict was against the weight of the evidence. *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992). We have examined the record as a whole and hold that the district court did not abuse its discretion in denying the motion for new trial. *Id.; Commercial National Bank v. Missouri Pacific R.R.*, 631 F.2d 563, 565 (8th Cir.1980). As to French's contention that the district court erred in dismissing Wright and Hobbs, we do not reach this issue because it was raised initially in French's reply brief. *Parmenter v. FDIC*, 925 F.2d 1088, 1093 (8th Cir.1991).

Accordingly, we affirm the judgment of the district court.