9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Sam LANGFORD, Appellant,
v.
James HAYNES, Phillips County Sheriff's Department, Helena,
Arkansas, Appellee.
 No. 93-2355EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 8, 1993.
Filed: October 21, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arkansas inmate Sam Langford brought this 42 U.S.C. Sec. 1983 action against the Phillips County Sheriff's Department and Deputy Sheriff James Haynes alleging Haynes violated Langford's constitutional rights by slamming a cell door on Langford's finger. Following a trial, the district court concluded Langford failed to show a constitutional violation and dismissed Langford's action. Langford appeals, and we affirm.
 
 
 2
 First, Langford contends Haynes and the department subjected Langford to cruel and unusual punishment because the department failed to train Haynes to operate Langford's cell door safely. Because a negligence claim does not support a Sec. 1983 action, see Daniels v. Williams, 474 U.S. 327, 335-36 (1986), we conclude the district court properly dismissed Langford's action.
 
 
 3
 Langford next contends the district court failed to subpoena Langford's requested witnesses, refused to exclude witnesses from the courtroom, and improperly ordered Langford to remain shackled during the trial. Langford has failed to show, however, that he was prejudiced by these alleged errors. Thus, we conclude the district court did not abuse its discretion in ruling on these matters. See United States v. Wyman, 724 F.2d 684, 686 (8th Cir. 1984); United States v. Woody, 588 F.2d 1212, 1213 (8th Cir. 1978), cert. denied, 440 U.S. 928 (1979); Holloway v. Alexander, 957 F.2d 529, 530 (8th Cir. 1992).
 
 
 4
 Langford also advances several arguments related to his criminal conviction. Because a Sec. 1983 action is not the proper vehicle to advance these arguments, we decline to review them. See Eutzy v. Tesar, 880 F.2d 1010, 1011 (8th Cir. 1989) (per curiam) (habeas corpus petition is exclusive means to attack state court conviction). We decline to address Langford's remaining contentions raised for the first time in his reply brief. See French v. Beard, 993 F.2d 160, 161 (8th Cir. 1993).
 
 
 5
 Accordingly, we affirm.