48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Barry Mitchell PAGE, Appellant,
v.
Orville PUNG; Frank W. Wood; Dennis Benson; Erick Skon;
James Zawacki; David Crist; Richard Hagelberger;
Carl Pentland; Mark Freer; Gary
Karsch; James Lyon; Michael
William Green, Appellees.
 No. 94-3120.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 16, 1995.
Filed: March 1, 1995.
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Barry Mitchell Page appeals from the final order entered in the District Court[1] for the District of Minnesota, granting defendant prison officials summary judgment and dismissing his 42 U.S.C. Sec. 1983 action under Federal Rule of Civil Procedure 41(b) for his failure to prosecute. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Page brought this Sec. 1983 action against prison officials at two Minnesota correctional facilities. The magistrate judge[2] denied his motion for appointment of counsel. Over one year after Page filed his complaint, defendants moved for summary judgment and submitted several affidavits in support of their motion. Page did not respond to the summary judgment motion. Five months after the motion was filed, the magistrate judge ordered Page to respond to the motion within fifteen days, and informed him that "[f]ailure to comply with this order may result in the grant of summary judgment in favor of Defendants pursuant to Rule 56(e) or dismissal pursuant to Rule 41(b)." Page did not respond. The magistrate judge then recommended dismissal under Rule 41(b) and a corresponding grant of summary judgment in defendants' favor. Page did not file objections; the district court granted defendants summary judgment and dismissed the action for failure to prosecute under Rule 41(b). Page timely appeals, challenging the denial of appointed counsel, the grant of summary judgment, and the dismissal. Page also moves for appointment of counsel on appeal.
 
 
 3
 Under Rule 41(b), a district court may "dismiss an action for the plaintiff's failure to comply with any court order and, unless otherwise specified, such a dismissal operates as an adjudication on the merits." Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986). We review Rule 41(b) dismissals under an abuse of discretion standard. Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam). Upon our careful review of the record, we find no abuse of discretion in this Rule 41(b) dismissal. Because the dismissal operates as an adjudication of the merits, we need not address the corresponding grant of summary judgment.
 
 
 4
 Finally, the magistrate judge did not abuse his discretion in denying Page's motion for appointment of counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992).
 
 
 5
 Accordingly, we affirm the judgment of the district court dismissing the action for failure to prosecute. Page's motion for appointment of counsel on appeal is denied. We need not address arguments raised for the first time in Page's reply brief. See French v. Beard, 993 F.2d 160, 161 (8th Cir. 1993), cert. denied, 114 S. Ct. 706 (1994).
 
 
 
 [1]
 The Honorable Michael James Davis, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota