**Charles J. PALMER, etc., et al., Plaintiffs,**

v.

**NEBRASKA SUPREME COURT, et al., Defendants.**

No. 4:CV96–3177.

United States District Court, D. Nebraska.

June 6, 1996.

KOPF, District Judge.

Charles J. Palmer (Palmer), a convicted murderer under sentence of death, brings suit under 42 U.S.C. § 1983, for himself and others like him, seeking only equitable relief. I will dismiss his complaint before reaching the issue of whether this case should be certified as a class action.[1]

Palmer requests that I require the Nebraska Supreme Court to engage in a "proportionality review" (as he interprets it) under the provisions of Nebraska's statutory death penalty law. *See* Neb.Rev.Stat. §§ 29–2521.01, 2521.03 (Reissue 1995). He complains that he and others like him are being denied due process of law and equal protection of the law by the way in which the Nebraska Supreme Court has interpreted the foregoing described state statutes in past death penalty cases, his in particular. Specifically, Palmer asks me to enjoin the defendants from executing him and others like him until the review he seeks is completed.

The Defendants, the Nebraska Supreme Court, all of its judges, and the warden of the penitentiary, move to dismiss alleging first that this court lacks jurisdiction over the subject matter of this action since Palmer's exclusive remedy is habeas corpus.[2] I agree.[3]

Palmer cannot use the federal civil rights statutes, as opposed to the federal habeas corpus statutes, in order to stop execution of his death sentence if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction *or sentence*". *Heck v. Humphrey*, —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) (A state prisoner may not seek damages under section 1983 when in order to grant relief the federal court would be required, at least implicitly, to invalidate the prisoner's state conviction or sentence.) (emphasis added); *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th

Susan L. Wild, Taylor & Wild, Lincoln, NE, for Plaintiffs.

Marie C. Pawol, Assistant Attorney General, Lincoln, NE, for Defendants.

---

1. I doubt that this type of case could ever properly be certified as a class action.

2. The motion was filed May 30, 1996, and it became ripe for decision June 5, 1996 when I received Palmer's brief.

3. Because I lack jurisdiction over the subject matter of this action, I do not reach the alternative arguments raised by defendants. Had I reached those arguments I would have found that at least two of those additional arguments (filing 11, at ¶¶ 2, 4) are meritorious.

Cir.1989) (A state prisoner sentenced to death in Florida could not seek the equitable relief of expungement of a Nebraska conviction, which conviction had been used to prove an aggravating circumstance in the Florida case, by filing a section 1983 case in Nebraska alleging that the Nebraska conviction was unconstitutionally obtained).

■ When the effect of granting equitable relief under the civil rights statutes would be to "substitut[e] section 1983 for federal habeas corpus to attack a state court conviction," the prisoner has failed to state a claim under section 1983. *Eutzy,* 880 F.2d at 1011. As the Court of Appeals has said, "we accept as fundamental the fact that Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions." *Id.* (*citing Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973)). If this were not the case the intricate rules of habeas corpus jurisprudence (like exhaustion of remedies) designed to promote a harmonious relationship between state and federal governments would be nullified by the simple expedient of bringing an action under section 1983 rather than under the habeas corpus statutes. *Id.*

■ In his complaint Palmer alleges that he is "not challenging the fact or duration of ... physical confinement nor ... seeking immediate or speedy release." (Filing 1, at ¶ 4.) This is language from the Supreme Court's opinion in *Preiser.* Palmer argues that by alleging such language he has entitled himself to bring this section 1983 action. I disagree.

It is true that the Supreme Court stated in *Preiser* that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser,* 411 U.S. at 500, 93 S.Ct. at 1841. But, as the adverse holding to the prisoner makes clear, the *Preiser* language upon which Palmer relies was intended as a limitation on section 1983 actions, not as an authorization.

More importantly, the Supreme Court subsequently clarified that the proper test is not the *Preiser* verbal formulation but rather whether ultimately granting relief under section 1983 would impliedly invalidate a state criminal conviction. *Heck,* —— U.S. at —— ——, 114 S.Ct. at 2369–70. (Even though suit for damages under section 1983 would not literally be covered by the language of *Preiser,* if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction ... the claimant *can* be said to be 'attacking the fact or length of confinement.'") (emphasis in original). *Heck* expressly held that the language of *Preiser* was an "unreliable, if not unintelligible guide" to the differentiation between actions properly brought under section 1983 and actions properly brought under the habeas statutes. *Id.* at ——, 114 S.Ct. at 2370. And the *Heck* limitation on the *Preiser* language is validated by this case; that is, literally applying the *Preiser* language, such as "fact or duration of physical confinement," to Palmer is nonsensical because he has been sentenced to death and not a term of years.

In order to grant relief to Palmer in this case I would necessarily have to impliedly invalidate the decision of the Nebraska Supreme Court which affirmed Palmer's death sentence. As a matter of historical fact, arguments nearly identical to the one advanced here about "proportionality review" were also advanced by Palmer before the Nebraska Supreme Court, and those arguments were expressly rejected by that court when it affirmed his sentence of death. *See State v. Palmer,* 224 Neb. 282, 322–331, 399 N.W.2d 706, 733–38 (1986) (The proportionality review made under the requirements of Neb.Rev.Stat. §§ 29–2521.01–03 is limited to a comparison of the facts and circumstances of the death penalty-imposed case under review with those of all applicable cases in which the death penalty as opposed to life imprisonment was imposed) *cert. denied,* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987).

Palmer's dilemma—pleading that he is not challenging the "fact or duration of his confinement" while not admitting, but in fact attacking, the validity of sentence—is illus-

trated by *Otey v. Hopkins,* 5 F.3d 1125 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2768, 129 L.Ed.2d 881 (1994). In *Otey* the prisoner, who had been sentenced to death, brought a habeas corpus action challenging certain procedures used by a state clemency board when the board refused clemency. The Court of Appeals determined that the federal court lacked subject matter jurisdiction over the habeas action. *Id.* at 1132. In so holding the court determined that *Preiser* did not require Otey to bring a habeas action. The court stated: *"Preiser* does not preclude Otey from bringing his claim in a § 1983 action *because he admits his sentence is lawful and is not seeking a determination that he is entitled to commutation." Id.* at 1131 (emphasis added).

Palmer could not make such a concession in this case and still maintain that he is entitled to the "proportionality review" he now seeks. Stated simply, Palmer can not admit that his death sentence is valid while at the same time contend that the Nebraska Supreme Court's decision affirming his death sentence is invalid. Thus it is plain that Palmer wrongly uses section 1983 to challenge the merits of his death sentence.

Since the court lacks subject matter jurisdiction over this section 1983 action,

IT IS ORDERED that the motion to dismiss (filing 11 ¶ 1) is granted and by separate document judgment shall be entered for the defendants and against the plaintiff providing that the complaint is dismissed without prejudice to the filing of a habeas corpus action.