89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Eugene WATKINS-EL, Plaintiff-Appellant,
v.
Laticia C. LOFTON, Probation and Parole Officer, Defendant-Appellee.
 No. 95-6120.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.*
 
 ORDER
 
 2
 Larry Eugene Watkins-El, a Kentucky state prisoner, appeals pro se a district court judgment dismissing his civil rights action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Watkins-El filed this action seeking injunctive and monetary relief from defendant Lofton, a probation officer who prepared his presentence investigation (PSI) reports in 1986 and 1990. Watkins-El alleged that Lofton had ignored several court orders he procured in 1994, ordering the segregation of records pursuant to Ky.Rev.Stat. § 17.142 of certain of his convictions which had been dismissed or overturned. He also alleged that his PSI had a negative impact on his classification and opportunity for parole. Lofton moved for dismissal under Rule 12(b)(6), which was granted by the district court.
 
 
 4
 Upon review, we conclude that this action was properly dismissed for the reasons stated by the district court. Lofton was entitled to absolute immunity from money damages because she is a court official performing judicial functions in the preparation of PSI reports. See Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (per curiam). Watkins-El was also not entitled to injunctive relief, as he failed to demonstrate that any constitutional rights were implicated by his failed attempts to have his PSI report amended to his liking. See Bird v. Summit County, Ohio, 730 F.2d 442, 444 (6th Cir.1984) (per curiam); Duke v. White, 616 F.2d 955, 956 (6th Cir.1980) (per curiam).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation