United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3824

Ramon Sanchez, also known as          *
Ramond Vega Lopez,                    *
                                      *
          Appellant,                  *
                                      *
     v.                               *     Appeal from the United States
                                      *     District Court for the
Mike Taggart; Glenda Walker; Lori     *     Western District of Missouri.
Campbell; Tracy Frank; William        *
Galloway; William Cox,                *
                                      *
          Appellees.                  *

_____

Submitted: May 4, 1998

Filed: May 22, 1998
_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     Former inmate Ramon Sanchez appeals from the district court's grant of summary judgment to Missouri Department of Corrections (MDOC) officials in his 42 U.S.C. § 1983 action. With one exception, we conclude the district court properly entered summary judgment for the reasons it stated, and we will not address those claims. As to the Eighth Amendment claim against defendant Mike Taggart, however,

we reverse the entry of summary judgment and remand to the district court for further proceedings.

Although the facts are contested, we recount the facts and inferences therefrom most favorably to Mr. Sanchez, the non-moving party. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).

On July 27, 1993, Mr. Taggart was the Functional Unit Manager assigned to Mr. Sanchez's housing unit at Algoa Correctional Center (ACC). At approximately 11:15 a.m., in response to road flooding, Acting Assistant Superintendent Amile Holmes directed defendant and other supervisors to assign ACC students, including Mr. Sanchez, to emergency sandbagging. Mr. Holmes attested that because of the expediency of the situation, inmates had not been screened, and that inmates should have brought any question regarding their duty status to the supervisor's attention.

Mr. Taggart called Mr. Sanchez to his office before 11:30 a.m. and ordered him to report for sandbagging duty at 1:00 p.m. Mr. Sanchez responded that he was on "no duty status" and that housing unit documents prohibited him from participating in hard labor. Mr. Taggart, without checking the records, replied, "I'm giving you a direct order" to report for sandbagging. Shortly before 1:00 p.m., Mr. Sanchez reported for duty and was instructed to load sandbags into trucks. Between 1:45 and 2:00 p.m., he realized he had "seriously reinjured his back." He was taken on a stretcher to the prison hospital, where he was examined by a nurse and placed on pain medication. The next day, after Mr. Sanchez experienced severe pain and numbness and was unable to stand, he was seen by a physician, who provided him crutches and muscle relaxants in addition to the pain medication.

Each housing unit maintained a file for each inmate in the unit; the files included physicians' orders for bunk and job assignments. At the time of Mr. Taggart's order, Mr. Sanchez's medical condition was reflected in a July 1992 lumbar spine radiology

report, which included an impression of two herniated disks; and Mr. Sanchez testified by deposition that other documents in the medical files placed him on no-duty or light-duty status because of his prior injury. A June 24 MDOC interoffice communication from "ACC-Medical" to "Classification" listed Mr. Sanchez's "Duty Status" as "Light duty. sitting down job."

Mr. Sanchez claimed that Mr. Taggart violated the Eighth Amendment's prohibition against cruel and unusual punishment by ordering him to report for sandbagging. The district court rejected the magistrate judge's recommendation to allow the claim to proceed, finding that Mr. Sanchez did not offer evidence establishing Mr. Taggart knew he was physically incapable of performing sandbagging work, and concluding that the order to sandbag during an emergency did not violate Mr. Sanchez's clearly established constitutional rights, and thus Mr. Taggart was entitled to qualified immunity.

The Eighth Amendment's prohibition against cruel and unusual punishment forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful. See Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990). The evidence here, viewed favorably to Mr. Sanchez, established that he was compelled to perform labor beyond his physical capacity that endangered his health: his previous back injury had resulted in herniated disks; the June 24 document showed he was on light-duty status; and no document showed a change in this work status by July 27.

The evidence and inferences therefrom also established Mr. Sanchez told Mr. Taggart that he had a medical condition restricting his ability to work and that confirmation of his physical limitations was in his file, and Mr. Taggart failed to inquire further. We conclude this evidence of deliberate indifference was sufficient to survive summary judgment. See Farmer v. Brennan, 511 U.S. 825, 842-43 & n.8 (1994) (requisite actual knowledge of substantial risk to inmate is factual inquiry and may be

inferred from circumstantial evidence; prison official "would not escape liability [under the Eighth Amendment] if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist").

We disagree with the district court's conclusion that Mr. Taggart was entitled to qualified immunity in light of "emergency" conditions. Although some emergencies may warrant issuing orders without first reviewing an inmate's physical limitations, Mr. Taggart failed to establish such circumstances here. The evidence showed Mr. Sanchez brought his physical limitations to Mr. Taggart's attention, as Mr. Holmes attested an inmate should have done; Mr. Sanchez was ordered before 11:30 a.m. to report for sandbagging at 1:00 p.m., supporting an inference of sufficient time for Mr. Taggart to check his file; only students, rather than all available inmates, were ordered to participate in sandbagging; and little evidence was offered of the actual emergency circumstances. Therefore, we conclude that Mr. Taggart's conduct was not "objectively legally reasonable," see Munz v. Michael, 28 F.3d 795, 799 (8th Cir. 1994), and that he should not have been granted summary judgment, see Buckley v. Rogerson, 133 F.3d 1125, 1127, 1129 (8th Cir. 1998) (official has burden of proving qualified immunity); Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989) (official asserting qualified immunity has burden of proving any "extraordinary circumstances").

We deny Mr. Sanchez's motion for appointment of appellate counsel. We also deny appellees' motion to strike and dismiss, but decline to consider new facts or legal theories raised in Mr. Sanchez's reply brief. See French v. Beard, 993 F.2d 160, 161 (8th Cir. 1993), cert. denied, 510 U.S. 1051 (1994).

Accordingly, we reverse as to the Eighth Amendment claim against Mr. Taggart, and affirm the district court's judgment in all other respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.