975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Randolph W. JONES, Appellant,
v.
IOWA CENTRAL COMMUNITY COLLEGE; Dennis Pilcher, Appellees.
 No. 91-3265NI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 17, 1992.
Filed: August 31, 1992.
 
 Before FAGG, BOWMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Randolph W. Jones, an aspiring professional basketball player, brought this personal injury diversity action against Iowa Central Community College after he was injured in an accident involving the college van. Earlier in this appeal, we reversed the district court's order granting judgment notwithstanding the verdict (JNOV) on jury awards of $250,000 for loss of future earning capacity and $20,000 for future pain and suffering. Jones v. Iowa Central Community College, No. 91-3265, slip op. at 7-8 (July 9, 1992). Because the district court had not addressed the college's alternative motion for a new trial on these items of damage, we remanded the case to the district court. We retained jurisdiction of the appeal and now consider the district court's denial of a new trial. Once again, we remand.
 
 
 2
 When considering the new trial motion on remand, the district court relied exclusively on our conclusion in reversing JNOV that:
 
 
 3
 a reasonable juror could find Jones's accident-related injuries continue to bother him and limit his capacity to perform physical tasks, whether the task is playing basketball or lifting at work. A juror could reasonably find Jones cannot play basketball at the level he did before the accident and left two manual labor jobs because he could not physically perform them. From a finding of impaired physical capacity, the jury could infer Jones's future ability to earn is diminished.
 
 
 4
 Id. at 6. After quoting this passage, the district court summarily denied a new trial on loss of future earning capacity. The court then stated the award for future pain and suffering was not monstrous, shocking, or a plain injustice. The court stated it had indicated in its order granting JNOV that these verdicts seemed high but were within a range committed to the jury's discretion.
 
 
 5
 We believe the district court took the quoted passage out of context and failed to apply the appropriate standard in denying the college a new trial. The standard we apply when considering a motion for JNOV is more restrictive than the standard a district court applies when considering a new trial motion. White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). When considering the district court's order granting JNOV in this case, we were required to view the evidence in the light most favorable to Jones. Id. We could not weigh or evaluate the evidence or consider questions of credibility. Id. We concluded the district court should not have granted the motion because the evidence did not point all one way and was susceptible of reasonable inferences sustaining Jones's position. See id. In contrast, a district court considering a new trial motion " 'can "weigh the evidence, disbelieve witnesses, and grant a new trial even [when] there is substantial evidence to sustain the verdict." ' " Id. at 780 (quoted cases omitted).
 
 
 6
 When a district court denies a motion for a new trial after weighing and balancing the evidence as White directs, we may not review the court's denial. Id. at 782. Although the district court cited White in denying a new trial, we are not convinced the district court applied White's standard. The district court's order contains no analysis indicating the court independently weighed the evidence and considered witness credibility.
 
 
 7
 Further, in its earlier order granting JNOV, the district court stated, "[T]he award of damages for future pain and suffering and future loss of earning capacity are not supported by the evidence." With regard to loss of future earning capacity, the court stated it did "not believe that a rational jury could find that [Jones's] professional basketball career was taken away by the ... accident." The district court's decision to deny a new trial contrasts with these earlier statements, and the district court offers no explanation for its change of view other than our conclusion in the context of reversing JNOV. In addition, contrary to the district court's assertion, the district court did not discuss in its JNOV order whether the jury awarded a high amount for loss of future earning capacity or future pain and suffering.
 
 
 8
 "[T]he decision of whether or not to grant a new trial is a balancing decision and requires a careful consideration and articulation of reasons by the district court." Id. We remand so the district court can make this decision. As before, we retain jurisdiction and ask the district court to certify its ruling to us. If the district court grants a new trial, it should be limited to the items of damage involved here. We do not, however, suggest a new trial is or is not appropriate on one or both items of damage.
 
 
 9
 A true copy.
 
 Attest:
 
 10
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.