19 F.3d 1437
 Prod.Liab.Rep.(CCH)P. 13,840
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Edward BOSSERT, Plaintiff-Appellee,
v.
KEENE CORPORATION, formerly doing business as Mundet Cork
Corp., formerly doing business as Keene Building Products
Corporation, formerly doing business as Baldwin-Ehret-Hill,
Inc., formerly doing business as Baldwin-Hill Co., formerly
doing business as Ehret Magnesia Manufacturing Company, a
Delaware corporation; MacArthur Corporation, a Minnesota
corporation, Defendants,
OWENS-CORNING FIBERGLAS CORP., a Delaware corporation,
Defendant-Appellant.
Edward BOSSERT, Plaintiff-Appellee,
v.
KEENE CORPORATION, formerly doing business as Mundet Cork
Corp., formerly doing business as Keene Building Products
Corporation, formerly doing business as Baldwin-Ehret-Hill,
Inc., formerly doing business as Baldwin-Hill Co., formerly
doing business as Ehret Magnesia Manufacturing Company, a
Delaware corporation, Defendant,
MACARTHUR CORPORATION, a Minnesota corporation, Defendant-Appellant,
OWENS-CORNING FIBERGLAS CORP., a Delaware corporation, Defendant.
 Nos. 92-2291ND, 92-2224ND.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 11, 1993.
Filed: March 31, 1994.
 
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Edward Bossert, a former boilermaker, brought this products-liability action against many manufacturers and distributors of asbestos-containing products. Bossert alleged several theories of liability, including negligent and intentional failure to warn, misrepresentation and deceit, breach of warranty, and strict products liability. Several defendants settled before and after the trial started. Ultimately, three defendants remained: Keene Corporation, MacArthur Corporation, and Owens-Corning Fiberglas Corporation. At the close of Bossert's case, the three remaining defendants moved for judgment as a matter of law (JAML), but the district court denied their motions. The jury found Bossert had asbestosis and awarded him general compensatory damages of $125,000 on both general fault and strict liability theories. Even though the section of the verdict form asking for apportionment of fault included the defendants who had settled, the jury only attributed fault to defendants MacArthur, Owens-Corning, and Keene. After the jury returned its verdict, MacArthur, Owens-Corning, and Keene renewed their motions for JAML, and in the alternative, moved for a new trial. The three defendants also moved for relief from the judgment under Federal Rule of Civil Procedure 60(b). The district court denied the motions. We consolidated the separate appeals of MacArthur and Owens-Corning, and now affirm in part and reverse in part.
 
 
 2
 MacArthur contends the district court should have granted its motion for JAML because Bossert failed to show he was ever exposed to asbestos-containing products manufactured by MacArthur, and thus, Bossert did not establish MacArthur's products proximately caused his asbestos-related disease. When reviewing the denial of JAML, we view the evidence and the reasonable inferences that may be drawn from the evidence in the light most favorable to Bossert. Okeson v. Tolley Sch. Dist. No. 25, 760 F.2d 864, 868 (8th Cir. 1985). JAML should be granted if there is not substantial evidence supporting the jury's verdict. Id.
 
 
 3
 Bossert had the burden to show MacArthur's products proximately caused his asbestosis. See Morrison v. Grand Forks Hous. Auth., 436 N.W.2d 221, 226 n. 8 (N.D. 1989). When deciding whether Bossert showed proximate cause, we look to North Dakota law. See Jackson v. Anchor Packing Co., 994 F.2d 1295, 1301 (8th Cir. 1993). The usual definition of proximate cause in North Dakota is "that cause which, as a natural and continuous sequence, unbroken by any controlling intervening cause, produces the injury, and without which it would not have occurred." Andrews v. O'Hearn, 387 N.W.2d 716, 727 (N.D. 1986) (internal quotations omitted). A cause is proximate if it "had a substantial part in bringing about the harm or injury either immediately or through happenings which follow one another." Id. North Dakota courts have not addressed the standard for proving causation in the specific context of an asbestos personal injury case, and MacArthur urges us to use the "frequency, regularity, and proximity" test used in other states. See, e.g., Jackson, 994 F.2d at 1301-03 (applying Arkansas law); Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986) (applying Maryland law). Because Bossert failed to produce substantial evidence of exposure to MacArthur's products, however, Bossert cannot satisfy any proximate cause standard.
 
 
 4
 Bossert's proof of exposure to MacArthur's products was entirely circumstantial, and was limited to the trial testimony of Robert Clooten, a former insulation tradesperson at the Amoco Oil Refinery in Mandan, North Dakota. Bossert did not know whether he had been exposed to MacArthur's products, but alleged he could have been exposed at the Amoco refinery, where he worked for a three-month period in 1967, a three-month period in 1969, and two three-week periods in 1969. Clooten testified that about half of the asbestos-containing cements installed in the Amoco refinery from 1954 to 1965 were manufactured by MacArthur, and about half of the original pipe covering was still in place. Nevertheless, Clooten testified there are hundreds of miles of pipe in the 900-acre refinery and he could not specify which ones were covered with MacArthur's products. Given only this vague testimony, we agree with MacArthur that any inference of Bossert's exposure to MacArthur's products is entirely speculative. Thus, we cannot say that MacArthur's products played any part in bringing about Bossert's asbestosis. Bossert never worked at the refinery until after the products' installation, and there was no evidence that Bossert worked near areas where the products were installed. Because Bossert's evidence was insufficient to support a reasonable inference that Bossert was actually exposed to MacArthur's products or that exposure to MacArthur's products proximately caused his asbestosis, we reverse the district court's denial of JAML to MacArthur. Having granted MacArthur JAML, we need not consider MacArthur's other arguments.
 
 
 5
 Owens-Corning contends the district court improperly instructed the jury it could award damages for Bossert's increased risk of contracting cancer because the evidence did not show Bossert will probably contract cancer. We agree.
 
 
 6
 In North Dakota, damages for future medical injuries cannot be awarded unless there is substantial evidence to show with reasonable medical certainty that the future medical injuries will develop. See Olmstead v. Miller, 383 N.W.2d 817, 822 (N.D. 1986); see also Lohrmann, 782 F.2d at 1160 (applying Maryland law). In this case, Bossert's expert, Dr. Kilburn, testified the possibility Bossert would develop cancer was about 55 in 10,000 per year. We thus agree with Owens-Corning that Bossert failed to prove to a reasonable degree of medical certainty that he will probably develop cancer.
 
 
 7
 Nevertheless, Bossert contends the instructions did not limit the jury to awarding damages for increased risk of contracting only cancer. Bossert points out that the district court instructed the jury it could compensate Bossert "for the actual increased risk of contracting any asbestos-related disease." In the context of Bossert's case, however, any damages awarded for the increased risk of contracting any asbestos-related disease could only have been for cancer. At trial Bossert alleged, and the jury ultimately found, that he was already suffering from asbestosis, and the only asbestos-related disease that Bossert claimed he might contract in the future was cancer. In addition, the district court focused the jury on cancer by explaining, "The compensation you award is for damages such as pain and suffering or increased risk of contracting cancer." We realize we must take the instructions as a whole, but contrary to Bossert's contention, we do not believe any error in the future risk instruction was cured by the instruction that cautioned the jury it could not award compensation "for any prospective loss which, although possible, is not reasonably certain to occur in the future."
 
 
 8
 Because we cannot tell what part of the jury's general compensatory damages award, if any, was based on Bossert's risk of developing cancer, we must reverse the award and remand for a new trial. The error does not affect the jury's liability decision, however, so the district court need only conduct a new trial on the issue of damages.
 
 
 9
 We now consider a remaining issue that could recur on retrial. Owens-Corning asserts the district court improperly denied its motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Specifically, Owens-Corning sought a reduction in the judgment for the amount of Bossert's earlier settlements with defendants other than MacArthur, Owens-Corning, and Keene, relying on Hoovestol v. Security State Bank, 479 N.W.2d 854, 862 (N.D. 1992). The district court concluded Hoovestol did not change North Dakota's established case law holding settlements reduce the judgment by the percentage of the settling party's fault rather than by the amount of its settlement payment. See Bartels v. City of Williston, 276 N.W.2d 113, 122 (N.D. 1979). We agree with the district court. Because the jury did not attribute any fault to the settling defendants on the verdict form, the district court properly refused to reduce the damage award.
 
 
 10
 Owens-Corning also contends the district court improperly denied its motion for a new trial. Owens-Corning does not contest the sufficiency of the evidence of Bossert's exposure to Owens-Corning's products, but asserts the jury's verdict apportioning fault only to Owens-Corning, MacArthur, and Keene was contrary to the great weight of the evidence. Having carefully reviewed the record, we conclude the district court properly refused to grant a new trial. See White v. Pence, 961 F.2d 776, 780-82 (8th Cir. 1992) (explaining new trial standard); Lockley v. Deere & Co., 933 F.2d 1378, 1385 (8th Cir. 1991) (federal new trial standard applies in diversity cases). We thus decline to grant Owens-Corning a new trial on the issue of liability.
 
 
 11
 We grant JAML to MacArthur and grant Owens-Corning a new trial on damages. In all other respects, we affirm the district court.