# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1869

_____

Amber Walker,                            *
                                         *
           Plaintiff-Appellant,          *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Southern District of Iowa.
Fred Nesbit Distributing Co.,            *
                                         *        [UNPUBLISHED]
           Defendant-Appellee.           *

_____

Submitted: December 16, 2005
Filed: December 22, 2005

_____

Before WOLLMAN, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Amber Walker appeals the district court's[1] denial of her motion for a new trial. The district court ruled that the jury's verdict that Walker's former employer did not discriminate against her on the basis of her pregnancy was supported by the clear weight of the evidence. We affirm.

_____

[1]The Honorable Robert W. Pratt, United States District Court Judge for the Southern District of Iowa.

# I. Procedural and Factual Background

In March 2002, Amber Walker initiated an employment discrimination claim against her former employer, Fred Nesbit Distributing Company ("Nesbit"). In June 2004, Nesbit filed a motion for summary judgment, which the district court granted in part and denied in part, holding that genuine issues of material fact existed regarding Walker's claims that Nesbit discriminated against her on the basis of her pregnancy pursuant to the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-2(a), as defined and codified by § 2000e(k). A jury trial was held in November 2004, during which Walker sought to demonstrate that Nesbit had a policy of accommodating employees who were injured off the job by providing light duty or reassignment. Although Nesbit admitted it had once administered such a policy, the company presented evidence that it had changed the policy in the fall of 2001 for economic reasons. Walker claimed that Nesbit's "policy change" argument was pretextual and that, in fact, the company had refused to accommodate her because she was pregnant. The jury returned a verdict in favor of Nesbit. Walker then filed a motion for a new trial, contending that the jury's verdict was not supported by the clear weight of the evidence. The district court denied Walker's motion, stating "there is nothing in the record to indicate the verdict was against the clear weight of the evidence." Walker now appeals to this court, arguing the district court abused its discretion in denying a new trial.

Walker was employed by Nesbit as a beer truck driver in May 2000. Her duties consisted of delivering products, rotating back stock, stocking shelves, building and maintaining displays, and picking up old and damaged products. Her job description required that she be able to lift more than fifty pounds. In January 2002, Walker notified her supervisor at Nesbit that she was pregnant. Despite being pregnant, Walker continued to perform all the requirements of her job.

In April 2002, Walker requested either to be reassigned to light duty or to have an assistant accompany her to do the required heavy lifting during deliveries. Nesbit refused this request, citing a policy change made in the fall of 2001 that allowed employees to be reassigned to light duty only if they were injured on the job. Nesbit did not add this new policy to the employee handbook or commit it to writing. In lieu of reassigning Walker to light duty or providing someone to assist with heavy lifting, Nesbit told Walker she was entitled to twelve weeks of unpaid leave under the Family and Medical Leave Act ("FMLA"). Shortly thereafter, Walker again requested accommodation, providing Nesbit with a physician's work restriction stating she could no longer lift more than twenty pounds and was limited to working no more than eight hours a day, forty hours per week. Nesbit denied Walker's request and told her that, because the remainder of her pregnancy was longer than the twelve weeks of unpaid leave she would receive under FMLA, the company would provide an additional six weeks of unpaid leave. Walker was placed on unpaid leave on May 1, 2002. She gave birth on August 21, 2002. Her eighteen weeks of unpaid leave ended on August 27, 2002, six days after her child was born. Two days later, on August 29, 2002, Nesbit terminated Walker because she did not return to work. Nesbit told Walker she was free to reapply for her old job when she was able to return to work. Walker never reapplied for her old job.

## II. Analysis

### A.     Standard of Review

This court reviews a district court's denial of a motion for a new trial under an abuse of discretion standard. A district court will reverse only "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Walker, 393 F.3d 842, 848 (8th Cir. 2005). The district court "is not 'free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other

results are more reasonable.'" White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992) (quoting Fireman's Fund Ins. Co. v. Aalco Wrecking Co., 466 F.2d 179, 186 (8th Cir. 1972)). Accordingly, "where reasonable men can differ in evaluating credible evidence, a new trial on the ground of weight of the evidence should not be granted." White, 961 F.2d at 781. "When the basis of the motion for a new trial is that the jury's verdict is against the weight of the evidence, the district court's denial of the motion is virtually unassailable on appeal." Wash Solutions, Inc. v. PDQ Mfg., Inc., 395 F.3d 888, 892 (8th Cir. 2005) (internal quotation and citation omitted).

B.    Analysis

In evaluating Walker's argument, we first note that Walker had the ultimate burden of proof in her claim that Nesbit intentionally discriminated against her because she was pregnant. Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). After the close of evidence, the trial court instructed the jury as follows:

> [Walker's] claim of pregnancy discrimination is that she was subjected to different, more adverse employment actions or conditions than similarly situated male employees. Specifically, that she was denied accommodation, light duty (a driver's assistant) or a reassignment.
>
> Your verdict must be for [Walker] on her pregnancy discrimination claim if all of the following elements have been proved by the greater weight of the evidence:
>
> *First*, [Walker] was subjected to different, more adverse employment actions or conditions than similarly situated male employees; and
>
> *Second*, [Walker's] pregnancy was a motivating factor in [Nesbit's] employment decisions. Pregnancy was a "motivating factor" if [Walker's] pregnancy played a role in [Nesbit's] decision to refuse

-4-

accommodation, light duty or reassignment, to [Walker]. However, it does not require that [Walker's] pregnancy was the only reason for [Nesbit's] employment decisions.

If either of the above elements has not been proved by the greater weight of the evidence, your verdict must be for [Nesbit] and you need not proceed further in considering this claim.

The court also instructed the jury that "[y]ou may not return a verdict for [Walker] just because you might disagree with [Nesbit's] decisions or believe [those decisions] to be harsh or unreasonable. An employer is entitled to make its own subjective personnel decisions for any reasons that are not discriminatory."

As the district court observed in its memorandum opinion denying Walker's motion for a new trial, both elements set forth in the jury instruction "needed to be answered in the affirmative for Walker to be successful in her suit." Thus, given the verdict in favor of Nesbit, it follows that the jury concluded either 1) that Walker was not subjected to different, more adverse employment actions or conditions than similarly situated male employees, or 2) that pregnancy was not a motivating factor in Nesbit's employment decisions. It is also possible that the jury concluded that neither criteria had been met.

On appeal, Walker presents two arguments. First, she contends that she presented uncontroverted evidence that Nesbit accommodated similarly situated employees–i.e., male delivery truck drivers–when they experienced off-the-job injuries or engaged in off-the-job activities that rendered them unable to perform their duties. Walker asserts Nesbit accommodates two categories of male drivers. The first category consists of drivers who lose their Commercial Drivers Licenses ("CDL") due to operating while intoxicated ("OWI") convictions. Walker points out that Nesbit has a written policy providing that a driver who loses his or her CDL "will be terminated." If, however, the driver resigns, he or she may "reapply as a sales trainee." Walker presented evidence that at least one male truck driver (who was

terminated by Nesbit after losing his license as a result of an off-the-job OWI conviction) was rehired by Nesbit as a sales trainee. Walker argues that this establishes that Nesbit, by policy and practice, accommodates truck drivers who can no longer perform their truck driving duties due to off-the-job conduct. The second category of similarly situated male drivers Walker identifies consists of drivers who are injured off the job and then are provided with an assistant to help with their duties while they recover. Walker presented evidence that truck driver James Sassatelli received help with his lifting duties for two days to a week after he returned from knee surgery in February 2001. Another truck driver, Mark Miller testified that in August 2000, after breaking his leg off the job, Nesbit accommodated him with a "driver trainee" for seven or eight days to assist with lifting. A third truck driver, Charles Starmer, testified that in September 2001 Nesbit provided a "driver's trainee" to ride along and assist him with lifting for five to six weeks after breaking his foot. Walker asserts that these three examples establish that Nesbit has a policy of accommodating drivers who, due to off-the-job injuries, are temporarily unable to fulfill all their duties.

The second argument Walker presents on appeal involves Nesbit's admission that it did not include its 2001 policy change in the employee handbook or reduce it to writing. Walker asserts Nesbit's actions were "insufficient to effect a change in its practice/policy of accommodation" and that the company's inaction supports her claim that the "policy change" argument was a pretext for denying her accommodation because she was pregnant. According to Walker, Nesbit's failure to make the policy change more explicit "gives rise to a powerful inference of unlawful discrimination"–and which, when considered in light of the evidence she presented regarding accommodations given to male drivers, establishes no reasonable jury could have concluded that Nesbit did not discriminate against her on the basis of pregnancy.

We first turn to Walker's claim regarding Nesbit's policy of allowing male drivers who have lost their licenses due to OWI convictions to resign and reapply for

sales trainee positions. Walker argues this policy establishes that Nesbit's refusal to accommodate her was motivated by pregnancy discrimination. The district court concluded that male truck drivers who had lost their license due to OWI convictions were not similarly situated to Walker because they were not "similar in their ability or inability to work" as required by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). The district court observed that, unlike a driver terminated due to the loss of his or her CDL, Walker was not terminated with the possibility of being rehired in a different position. Rather, she was given eighteen weeks of unpaid leave from her job as a truck driver. Further, her inability to work stemmed from her inability to meet the fifty-pound lifting requirement of her job, not the loss of her CDL. Given the difference between a male driver who is terminated due to the loss of his license and a female driver given eighteen months of unpaid leave due to an inability to meet the lifting requirement, we hold the district court did not abuse its discretion in concluding that a reasonable jury could have found that Walker was not similarly situated to male drivers terminated by Nesbit due to the loss of their CDLs.

Next we turn to Walker's argument that she was similarly situated to male truck drivers who, due to off-the-job injuries, could not fulfill the lifting requirement but were accommodated by Nesbit with assistants. The district court stated that "there is no question that drivers injured off the job who could not fulfill the lifting requirements are similarly situated to [Walker]." However, the district court then stated that whether Nesbit's disparate treatment of Walker was motivated by pregnancy discrimination presented a fact question for the jury. The district court concluded that, based on the evidence presented, a reasonable jury could have concluded that Nesbit's disparate treatment of Walker was not motivated by pregnancy discrimination. Specifically, the district court observed that Nesbit admitted it allowed light duty assignments for employees injured off the job prior to the fall of 2001. However, the company provided evidence that the company changed its policy of providing accommodation for off-the-job injuries as a result of truck driver Charles Starmer's need for assistance in September and October of 2001.

Nesbit's human resources director testified that he made the policy change because it did not make "economic sense" to pay two people to do the job of one. Thus, although Nesbit accommodated drivers by providing light duty assignments following off-the-job injuries before the fall of 2001, Starmer was the last person to receive accommodation for an off-the-job injury. We therefore hold that the district court did not abuse its discretion when it concluded that a reasonable jury could have found that Nesbit's decision to deny Walker accommodation was the result of the company's fall 2001 policy change rather than the result of discrimination against Walker on the basis of pregnancy.

Finally, we address Walker's argument that Nesbit did not take adequate action to put its new accommodation policy into effect. Walker points out that none of the changes Nesbit made were reduced to writing and that the company handbook was not amended. As the district court observed, however, "the question before the jury was not whether Nesbit should have put the September 2001 policy change in writing, but whether a 'discriminatory animus [laid] behind the defendant's neutral explanations'" (quoting Roxas v. Presentation Coll., 90 F.3d 310, 316 (8th Cir. 1996)). Here, the jury apparently concluded that Nesbit was truthful in its statement that its decision to change its policy of accommodating drivers injured off the job was motivated by economic reasons rather than Walker's pregnancy. Accordingly, we hold the district court did not abuse its discretion in concluding that a reasonable jury could have believed that Nesbit had implemented its new accommodation policy in the fall of 2001, despite not committing the new policy to writing.

For the foregoing reasons, the district court's denial of Walker's motion for a new trial is affirmed.

_____