**Maria GUYTON, et al., individually and on behalf of a class of others similarly situated, Plaintiff,**

v.

**TYSON FOODS, INC., (d/b/a Tyson Fresh Meats), Defendant.**

**No. 3:07cv00088–JAJ–TJS.**

United States District Court, S.D. Iowa, Davenport Division.

April 2, 2013.

Michael Hamilton, Provost Umphrey Law Firm LLP, Nashville, TN, Roger K. Doolittle, Attorney at Law, Jackson, MS, Brian P. McCafferty, Kenney Egan McCafferty & Young, Plymouth Meeting, PA, Candis A. McGowan, Daniel Arciniegas, Jacob A. Kiser, Robert L. Wiggins, Jr., Wiggins Childs Quinn & Pantazis, LLC, Birmingham, AL, Jay Madison Smith, Smith & McElwain Law Office, Sioux City, IA, Richard L. Kaspari, Metcalf Kaspari Engdahl & Lazarus, PA, St. Paul, MN, for Plaintiff.

Allison D. Balus, Steven D. Davidson, Heidi A. Guttau–Fox, Thomas E. Johnson, Baird Holm LLP, Omaha, NE, Michael J. Mueller, Evangeline C. Paschal, Hunton & Williams, LLP, Washington, DC, Emily L. Aldrich, Emily Burkhardt Vicente, Hunton & Williams, LLP, Los Angeles, CA, for Defendant.

## ORDER

JOHN A. JARVEY, District Judge.

This matter comes before the Court pursuant to Plaintiffs' Motion for Judgment as a Matter of Law or, In the Alternative, For a New Trial, filed on May 24, 2012. [Dkt. No. 343.] The Defendant filed a response on July 30, 2012. [Dkt. No. 350.] Plaintiffs filed a Reply on September 10, 2012. [Dkt. No. 355.] On March 23, 2013, Plaintiffs filed Supplemental Authority to support their May 24, 2012 Motion. [Dkt. No. 357.] For the reasons set forth below, the Plaintiffs' Motion is **denied**.

### I. FACTUAL BACKGROUND

This motion arise from a dispute that began in 2007 and culminated in a two-week jury trial in Davenport, Iowa in April of 2012. The Plaintiffs are all current and former employees of the Defendant at their Columbus Junction, Iowa, facility. All Tyson production workers at the Columbus Junction plant wear at least some items of personal protective equipment ("PPE"), which includes hard hats, ear plugs, boots, frocks, hair nets, hard plastic arm guards, mesh aprons, mesh sleeves or Kevlar sleeves, scabbards, cotton gloves, rubber gloves, cut-resistant (Kevlar) gloves, and mesh gloves.

Tyson Columbus Junction hourly production workers don all required and cleaned PPE before the first piece of meat product reaches their work station on the assembly line. Employees are not permitted to perform work on the production line without wearing all required PPE, and they can be disciplined if they are not wearing their required PPE. Tyson pays its Columbus Junction hourly production workers, in part, on a "gang time" basis. "Gang time" is the time that the processing lines are moving and during which production workers are physically at the assembly line while the lines are moving and processing meat. In and of itself, "gang time" does not include time that production workers spend donning, doffing, and cleaning PPE before and after "gang time" and at unpaid meal breaks. In addition to "gang time" Tyson pays its hourly production workers "extra" minutes per day to compensate them for donning, doffing, and cleaning their PPE. The payment of "extra" minutes beyond the "gang time" for donning and doffing activities is referred to as "K–Code" time.

The parties have long disputed whether this K–Code time adequately compensates employees for the time they spend donning and doffing their PPE. In September 2007 Plaintiffs filed suit against the Defendant alleging violations of the Fair Labor Standards Act and the Iowa Wage Payment Collection law. Both a collective action under the Fair Labor Standards Act and a Rule 23 class were certified in this matter, and the case proceeded as a collective and class action. In April of 2012, a jury trial was held to resolve these issues. At the close of the Plaintiffs' case-in-chief, the Defendant moved for Judgment as a Matter of Law with respect to the Plaintiffs' willfulness claim. The Court granted this Motion, noting that the Plaintiffs' failed to call any witnesses or provide any evidence concerning the Defendants willfulness.

The case was submitted to the jury on April 24, 2012 after eleven days of trial. The jury returned with a verdict on April 25, 2012. The jury found that the Plaintiffs proved their FLSA and Iowa claims on a class-wide basis for pre-shift and/or post-shift donning and doffing of the items at issue in this case because "it is 'work' within the meaning of the FLSA." [Dkt. No. 331.] The jury found that the Plaintiffs failed to prove that the donning and doffing was "integral and indispensable to a principal activity, such that it starts and ends the 'continuous workday.'" [Dkt. No. 331.] The jury found that the donning and doffing activities at issue in the case were not *de minimus.* However, the jury found that the Plaintiffs proved no damages for either the FLSA or Iowa classes. Finally, the jury determined that the Defendant proved its "good faith" defense as defined in the jury instructions.

## II. LEGAL STANDARD

### A. Judgment as a Matter of Law

■ "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *S. Wine & Spirits of Nev. v. Mountain Valley Spring Co., LLC,* 646 F.3d 526, 534 (8th Cir.2011) (citing *Mattis v. Carlon Elec. Prods.,* 295 F.3d 856, 860 (8th Cir. 2002)). In the Court's analysis, "we may not weigh the credibility of evidence, and conflicts in the evidence must be resolved in favor of the verdict." *Id.* (citing *Schooley v. Orkin Extermination, Co., Inc.,* 502 F.3d 759, 764 (8th Cir.2007)). If no evidence supports the nonmoving party—that is, if all the evidence points in favor of the moving party—then the Court may grant a motion for judgment as a matter of law. *Johnson v. Texarkana Ark. Sch. Dist. No. 7,* Slip Copy, 2012 WL 527907, at *1 (W.D.Ark. February 16, 2012).

■ "Where conflicting inferences reasonably can be drawn from the evidence, it is the role of the jury, not the court, to determine which inferences shall be drawn." *Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1029 (8th Cir.2002). Therefore, it is inappropriate for this Court to overturn a jury verdict "unless, after giving the nonmoving party the benefit of all reasonable inferences and resolving all conflicts in the evidence in the nonmoving party's favor, there still exists a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." *Id.* (internal quotation omitted).

### B. New Trial

■ This Court may order a new trial only under the circumstances where a "miscarriage of justice" would occur without one. *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992) ("When through judicial balancing the trial court determines that the first trial has resulted in a miscarriage of justice, the court may order a new trial, otherwise not." *Id.*)

### III. Discussion

The Plaintiffs argue that this Court should grant Judgment as a Matter of Law with respect to Questions 1, 3, and 4 of the jury verdict rendered on April 25, 2012. Specifically, the Plaintiffs argue that (1) the donning and doffing at issue was integral and indispensable to Plaintiffs' principal activity, (2) Plaintiffs were damaged by non-payment of wages for the work performed, (3) the Defendant did not act in "good faith" pursuant to 29 U.S.C. § 260, (4) the Court, not the jury, should decide compensability and good faith as a matter of law, and (5) that the jury was erroneously instructed that liability and damages must be based on the "reasonable" rather than "actual" time to perform the work at issue. [Dkt. No. 343 at 1.] The Plaintiffs further extrapolate these arguments into twelve additional bases for Judgment as a Matter of Law and New Trial. [Dkt. No. 343 at 2–5.]

The Defendant argues that this Court should uphold the jury verdict and deny both Judgment as a Matter of Law and the Motion for New Trial. [Dkt. No. 350.] In summary, the Defendant argues that all questions that were presented to the jury were proper. Further, the Defendant argues that the jury's answers to the questions presented were appropriate because the evidence presented would allow a reasonable jury to find for the Defendant. The Defendant argues that the issues raised by the Plaintiffs do not constitute circumstances rising to the level of a "miscarriage of justice" and, therefore, this Court should deny the Motion and uphold the jury verdict.

■ The Court finds that there is evidence in the record from which a reasonable jury could have found that the donning and doffing at issue was not integral and indispensable to the Plaintiffs' principal activity on a class-wide basis. In the light most favorable to the Defendant, testimony presented at trial supports this finding. Converting General Supervisor Julian Fernandez testified that certain PPE is optional depending on the work station. Class members Kevin Carpenter and Michelle Leffler testified that certain items were not required by Tyson for their particular positions. A reasonable jury could have found that the Plaintiffs failed to prove that the donning and doffing of certain PPE was integral and indispensable on a class-wide basis. Additionally, a reasonably jury could have found the testimony and reports of Dr. Mericle insufficient to prove that the donning and doffing was integral and indispensable on a class-wide basis. Dr. Mericle did not study each job at the plant, nor did he specifically

distinguish between employees utilizing different PPE.

The jury's verdict is not internally inconsistent. The question of whether the Plaintiffs satisfied their burden with respect to "work" is separate and distinct from the question of whether the Plaintiffs satisfied their burden with respect to donning and doffing being "integral and indispensable." Though the two questions have some factual overlap, it cannot be said that a reasonable juror could not have decided the issues as the jury did in this case. Further, the jury verdict does not "essentially nullify" the United States Supreme Court's holding in *IBP, Inc. v. Alvarez.* Even were the Court to adopt the argument that the Supreme Court's decision held that all time spent walking and waiting in connection with work activities is integral and indispensable, a reasonable juror could find that the Plaintiffs did not prove facts that would require such a finding on a class-wide basis in this case.

■ Question No. 3 required the jury to answer what amount of damages the Plaintiffs proved for both the FLSA Class and the Iowa Class. The Plaintiffs' challenge to the jury's award of "$0.00" fails to recognize that, though the jury found the activities were not *de minimus* and that the activities were "work," that a reasonable jury could still find that the Plaintiffs failed to *prove* damages for either the FLSA or the Iowa classes. The Plaintiffs main damages expert, Dr. Mericle, was consistently challenged by the Defense attorney on cross-examination. A reasonable juror could find that Dr. Mericle's methods were inconsistent and incomplete. A reasonable jury could easily find that the findings and reports of Dr. Mericle lacked credibility. A reasonable juror could also find that the methods and estimates of Dr. Fox were inaccurate or based on poor or incomplete information received from Dr. Mericle.

More specifically, the jury could find that what Dr. Mericle measured was not a valid indication of the reasonable time it takes to don or doff PPE. Because Tyson pays a certain number of minutes to don and doff PPE, it does not care how long employees actually spend in the activity. Dr. Mericle's videos show that some employees do it quickly while others do it slowly and in stages. Measuring this activity and finding an average amount of time that employees spend doing such activity may not be a persuasive way of demonstrating what is reasonable in a situation where there is no expectation of reasonableness and no motivation to be reasonable. Such a finding is within the province of a reasonable jury's decision making. The jury's decision that the Plaintiffs failed to prove more than "$0.00" in damages is reasonable, supported by the evidence in the light most favorable to the Defendant, and could not be considered a miscarriage of justice.

■ The Court finds that the jury is entitled to determine the issue of "good faith," under 29 U.S.C. § 260. The Plaintiffs alleged willfulness as part of their claims against the Defendant. A defense to such a claim is that the Defendant acted in "good faith." The inquiry into the question of good faith reliance is fact intensive and implicates credibility determinations that are appropriate for the trier of fact— in this case, the jury. During trial, the Court held that the documents relating to the Defendant's good faith defense were admissible and relevant. Additionally, the Court's decision to allow the issue of "good faith" to be determined by the jury allowed into evidence information that arguably prejudiced the Defendant and would have been otherwise inadmissable. Any prejudice that resulted from the Court's decision to allow this issue to be decided by the jury equally affected both parties.

The Defendant put forth sufficient evidence such that a reasonable jury could have found the Defendant's actions were taken in good faith under 29 U.S.C. § 260. The Defendant put forth evidence of written statements provided by the Department of Labor ("DOL") from two separate enforcement actions—*Herman v. IBP* and *Reich v. IBP*. Further, the testimony of Mr. Kimbro suggested that the Defendant acted in a manner it thought was consistent with the determinations and decisions of the DOL in the agencies enforcement actions under the FLSA. Mr. Kimbro's testimony indicated that actions were taken to cure deficiencies in the Defendant's compensation methods in an effort to remain complaint with the decisions and mandates of the DOL. In the light most favorable to the Defendant, the evidence presented at trial is sufficient for a reasonable jury to come to the conclusion that the Defendant acted in good faith.

■ The Plaintiffs' argument that the Court erroneously instructed the jury to calculate damages based on a "reasonable" time and not an "actual" time is without merit. As discussed by the Defendant in its resistance, the Supreme Court has not over-ruled the use of the "reasonable" time standard in calculating damages. *See Helmert v. Butterball, LLC,* 805 F.Supp.2d 655, 663–68 (E.D.Ark.2011) (discussing the Supreme Court's *Alvarez* decision and noting the difference between an employer being required to pay for "actual" time worked and the appropriateness of basing an FLSA class back pay award on a "reasonable" calculation of the actual time spent working). Further, the Court finds it compelling that the Plaintiffs expert, Dr. Mericle, did not provide "actual" times on a class-wide basis in this case. Instead, Dr. Mericle provided "fair and reasonable estimates" of the times worked by the small percentage of workers that he, and his students, actually followed. Plaintiffs' damages expert, Dr. Fox, testified that,

given Dr. Mericle's calculations, certain members of the Iowa class would not be entitled to damages. Indeed, the individual and varying testimony of the Plaintiffs at trial suggests that the jury would be unable to calculate an "actual" time on a class-wide basis.

The Court finds that the issues addressed by the Plaintiffs in their Motion for Judgment as a Matter of Law or, In the Alternative, For a New Trial—whether renewed or raised initially in the Motion—fail to meet the standards necessary under FRCP 50 and 59. Reviewing the evidence presented at trial in a light giving the Defendant the benefit of all reasonable inferences and resolving all conflicts in the evidence in the Defendant's favor, the Court finds that a reasonable jury could have found for the Defendant in this case. In the end, the Plaintiffs put forth evidence supporting their claims and damages, but it is the province of the jury to decide whether the Plaintiffs satisfied their burden of *proving* such claims and damages. In this case, a reasonable jury decided that the Plaintiffs did not satisfy their burden of proving certain claims and damages. The Court will not disturb such findings.

■ Finally, for the reasons discussed herein and those reasons found in the Court's rulings at trial, the Court finds that the Plaintiffs have failed to satisfy the burden required to show that a miscarriage of justice has occurred in this case. The Court concludes that the Plaintiffs have failed to meet the heavy burden the law requires to overturn a jury's verdict.

## IV. CONCLUSION

**IT IS ORDERED** that the Plaintiffs' Motion for Judgment as a Matter of Law or,

In the Alternative, For a New Trial is **DENIED.**