# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1667
_____

Kevin Linn

*Plaintiff - Appellant*

v.

Chad Mason, Deputy, Van Buren County Sheriff's Department

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 22, 2014
Filed: October 23, 2014
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kevin Linn appeals after a jury returned an adverse verdict in his 42 U.S.C. § 1983 action and the district court[1] denied his motion for a new trial. On appeal,

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

Linn asserts that the district court did not adequately prevent the jury from becoming aware that he was incarcerated at the time of the trial, improperly denied his motion for a new trial, and applied the wrong legal standard in assessing the motion.

After careful review, we conclude that the district court appropriately handled Linn's status as an inmate and that, in any event, Linn suffered no prejudice because the jury could infer that he was incarcerated from the circumstances of the case and his own testimony. *Cf. Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992) (no prejudice can result from jury seeing that which is already known). We also conclude that the district court did not abuse its discretion in denying Linn's motion for a new trial, *see PFS Distribution Co. v. Raduechel*, 574 F.3d 580, 589 (8th Cir. 2009) (denial of motion for new trial is reviewed for abuse of discretion; district court's decision is virtually unassailable on appeal and will only be reversed when there is absolute absence of evidence to support jury's verdict), and that the district court applied the appropriate legal standard in assessing that motion, *see White v. Pence*, 961 F.2d 776, 780-81 (8th Cir. 1992). Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____