United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2936

_____

James E. Jarvis,                              *
                                             *
          Appellant,                         *
                                             *
     v.                                      *
                                             *
Sauer Sundstrand Company,                    *
                                             *
          Appellee.                          *

_____

No. 96-3068                    Appeals and Cross-Appeals from the
                              United States District Court for the
_____                   Southern District of Iowa.

James E. Jarvis,                              *
                                             *
          Appellee,                          *
                                             *
     v.                                      *
                                             *
Sauer Sundstrand Company,                    *
                                             *
          Appellant.                         *

_____

No. 96-3902

_____

James E. Jarvis,                              *
                                             *
          Appellant,                         *
                                             *

v.                                              *
                                                *
Sauer Sundstrand Company,                       *
                                                *
          Appellee.                             *

          _____

          No. 96-3904
          _____

James E. Jarvis,                                *
                                                *
          Appellee,                             *
                                                *
v.                                              *
                                                *
Sauer Sundstrand Company,                       *
                                                *
          Appellant.                            *

                              _____

                    Submitted:  April 3, 1997
                      Filed: June 17, 1997

                              _____

Before MAGILL[1] and MURPHY, Circuit Judges, and GOLDBERG,[2] Judge.

                              _____

_____

          [1]The Honorable Frank J. Magill was an active judge at the time this case was originally scheduled for oral argument on March 14, 1997, and assumed senior status on April 1, 1997, before the opinion was filed.

          [2]THE HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation.

MAGILL, Circuit Judge.

This case involves James Jarvis's claim that his employer, Sauer Sundstrand Company (Sundstrand), discriminated against him on the basis of age. Following a jury verdict in Jarvis's favor, the district court[3] granted Sundstrand's motion for judgment as a matter of law (j.a.m.l.) only with respect to the willfulness element of Jarvis's claim. The district court denied Sundstrand's motion for j.a.m.l. with respect to the jury's finding that age motivated Sundstrand's decision to redeploy Jarvis and that Jarvis was constructively discharged. Jarvis appeals the partial grant of j.a.m.l. and Sundstrand cross-appeals the partial denial. We affirm.

## I.

Sundstrand, formed in 1989, is in the hydraulic pump business. In 1971, Sundstrand's predecessors established the Ames, Iowa plant, where Jarvis worked. Sundstrand struggled financially throughout the early 1990's. In the face of financial difficulty, Sundstrand reorganized, redeployed employees, conducted voluntary and involuntary layoffs, and offered early retirement plans.

Jarvis began working at the Ames, Iowa plant in 1971. In 1992, Jarvis worked as a Material Logistic Administrator in a department with twelve other employees. In April of 1992, David Haynes replaced Roger Beckett as Director of Operations Planning and Jarvis's

---

[3]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

supervisor.  Jarvis had received performance reviews throughout his employment.  He typically scored a "4" on a "1" to "5" scale.  Although Jarvis claims he was not told of the change, Sundstrand asserts that in October of 1992, "5" went from being the highest to the lowest rating.  Jarvis received a year end review from Haynes on December 17, 1992.  This review was not all good and Jarvis was not given a numerical rating.

On December 18, 1992, Sundstrand announced an early retirement program. Employees aged fifty-five and older were given until February 8, 1993, to receive a $25,000 bonus and three years service credit upon their departure. Jarvis, who was fifty-seven years old, chose not to accept early retirement.

On February 17, 1993, Haynes told Jarvis that the Operations Planning Department was to be reduced by one and that Jarvis had been chosen. Haynes asked Jarvis to speak with Doris Johnson, manager of human resources. Johnson told Jarvis that he had three options he could choose: (1) voluntary layoff with severance; (2) the early retirement program he had previously declined; or (3) an unknown factory assignment at an unknown salary. Johnson also told Jarvis that he had been chosen for redeployment because of his low "4" review score.

Sundstrand claims that Jarvis's redeployment was part of a plant-wide redeployment plan scheduled for the end of March 1993. Therefore, until the plant-wide plan was finalized, Jarvis's new assignment was uncertain. Sundstrand also claims that Jarvis was told of his redeployment early so that he could take advantage of the early retirement option. In any case, it was clear that there was a position for Jarvis within the plant.

From among his three choices, Jarvis eventually elected to take early retirement. As of March 1, 1993, Jarvis was no longer employed by Sundstrand.

On September 24, 1993, Jarvis commenced this action under the Age Discrimination in Employment Act (ADEA), 29

U.S.C. §§ 621-634 (1988 & Supp. IV 1992). Jarvis claimed he had been constructively discharged on account of his age and that Sundstrand's actions were willful, entitling him to liquidated damages. On March 21, 1996, the jury returned a verdict in Jarvis's favor. Sundstrand moved for j.a.m.l. On June 21, 1996, the district court granted Sundstrand's motion for j.a.m.l. only with respect to the jury's finding of willfulness, but concluded that the evidence was legally

sufficient for the jury to find that age motivated Sundstrand's decision to redeploy Jarvis and that Jarvis was constructively discharged. Jarvis appeals and Sundstrand cross-appeals.

## II.

On appeal, Jarvis argues that the district court erred by concluding that the evidence at trial was not legally sufficient for a reasonable jury to find that Sundstrand's conduct was willful.[4] We disagree.

---

[4]Jarvis also argues that the district court's partial grant of j.a.m.l. was procedurally flawed. Jarvis asserts that Sundstrand's conclusory pre-verdict motions failed to "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." Fed. R. Civ. P. 50(a)(2). Thus, Jarvis concludes that Sundstrand's post-verdict j.a.m.l. motion was improperly granted on a ground not preserved prior to the verdict. See Hurst v. Dezer/Reyes Corp., 82 F.3d 232, 237 (8th Cir. 1996) (citing Diercks v. Durham, 959 F.2d 710, 714 (8th Cir. 1992); 5A James W. Moore, Moore's Federal Practice ¶ 50.08 at 50-86 (2d ed. 1994)); Lambert v. Genesee Hosp., 10 F.3d 46, 54 (2d Cir. 1993) (specificity requirement puts nonmovants on notice of potential deficiencies in their proof). We disagree.

Sundstrand's pre-verdict motion was as follows:

Mr. Craven: At this time the Defendant would move for judgment as a matter of law on all the Plaintiff's claims on the grounds that plaintiff has not produced any evidence, certainly not any sufficient evidence, by which a reasonable jury could return a verdict in favor of Plaintiff. In fact, Plaintiff has shown no evidence beyond Plaintiff's own personal belief that age discrimination was a factor to support his claim that age played any part whatsoever in his termination.

Trial Tr. at 218, reprinted in Appellant's App. at 105.

The district court did not abuse its discretion in finding that the j.a.m.l. grounds

The district court properly concluded that the evidence at trial was legally insufficient for a reasonable jury to find that Sundstrand's conduct was willful. In reviewing a judgment as a matter of law, this Court uses the same standard as the district court:

> In a motion for [j.a.m.l.], the question is a legal one, whether there is sufficient evidence to support a jury verdict. This court must analyze the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility. We have also stated that to sustain a motion for [j.a.m.l.], all the evidence must point one way and be susceptible of no reasonable inference sustaining the position of the nonmoving party.

White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992) (footnote and citations omitted).

Only a determination of willfulness allows for an award of liquidated damages under the ADEA. See 29 U.S.C. § 626(b) (1988 & Supp. IV 1992). The Supreme Court has defined "willful" in this context to mean "that the employer either knew or showed reckless disregard for

---

were fairly raised in the pre-verdict motion. See Hurst, 82 F.2d at 237 (standard of review). First, Jarvis does not make an adequate showing that he lacked fair notice of the "willfulness" issue or did not have an opportunity to cure deficiencies in his proof. See id. Second, a movant's grounds for the motion need not be stated with the technical precision which Jarvis asserts. Cf. Cortez v. Life Ins. Co. of N. Am., 408 F.2d 500, 503 (8th Cir. 1969) ("Technical precision is not necessary in stating grounds for the [j.a.m.l.] motion so long as the trial court is aware of the movant's position." (quotation omitted)).

the matter of whether its conduct was prohibited by the statute." Hazen Paper Co. v. Biggins, 507 U.S. 604, 617 (1993) (reaffirming the standard adopted in Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128-29 (1985)); see also Grover v. McDonnell Douglas Corp., 12 F.3d 845, 848-49 (8th Cir. 1994). However, "[l]iquidated damages are not warranted merely because an employer knows that the ADEA may be 'in the picture' when an older employee is discharged."

<u>Rademaker v. Nebraska</u>, 906 F.2d 1309, 1313 (8th Cir. 1990) (quoting <u>Thurston</u>, 469 U.S. at 127-28).

Evidence was presented upon which a finding could be made that Sundstrand knew that the ADEA may be "in the picture" when it selected Jarvis for redeployment. Jarvis testified that he "kind of jokingly--not jokingly" told Sundstrand's manager of human resources, Johnson, that Jarvis's redeployment sounded like discrimination. Trial Tr. at 124-25. However, this knowledge that the ADEA was "in the picture" does not warrant an award of liquidated damages. <u>See Rademaker</u>, 906 F.2d at 1313; <u>Grover</u>, 12 F.3d at 849. Only a showing that Sundstrand either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA can warrant such an award. <u>See Hazen</u>, 507 U.S. at 616-17.

Evidence was also presented upon which the jury could have based a finding that Sundstrand willfully considered Jarvis's age in its treatment of Jarvis. <u>See</u> Trial Tr. at 195, 204 (reading to the jury Haynes's deposition testimony which acknowledged that Jarvis's age entered into Haynes's decision), <u>reprinted in</u> Appellant's App. at 82, 91. However, although that willful act violated the ADEA, that is not the same as a willful violation of the statute. "[I]n order that the liquidated damages be based on evidence that does not simply duplicate that needed for the compensatory damages, there must be some additional evidence of the employer's reckless disregard." <u>Williams v. Valentec Kisco, Inc.</u>, 964 F.2d 723, 729 (8th Cir. 1992) (quotations and citations omitted); <u>cf. Grover</u>, 12 F.3d at 849 ("A violation of the ADEA does not require any particular mental state, but

-10-

the award of liquidated damages under the ADEA does."). No additional evidence was presented, beyond that required to prove the underlying discrimination, upon which a finding of wilfulness could be based.

After reviewing the trial record, we conclude that evidence was not submitted to the jury that Sundstrand knew or recklessly disregarded the possibility that its actions toward Jarvis would violate the ADEA.

## III.

In its cross-appeal, Sundstrand argues that the district court erred by concluding that the evidence at trial was legally sufficient for a reasonable jury to find that age was the motivating factor in Sundstrand's decision to redeploy Jarvis and that Jarvis was constructively discharged.  We disagree.

The district court properly concluded that sufficient evidence supports the jury's finding that age was the motivating factor in Sundstrand's decision to redeploy Jarvis and that Jarvis was constructively discharged.  As discussed above, the standard for granting a motion for j.a.m.l. is high.  Here, although Jarvis may not have the strongest case of age discrimination, it cannot be said that all the evidence points in Sundstrand's favor and is susceptible of no reasonable inference sustaining Jarvis's position.  See White, 961 F.2d at 779 (standard of review).

The evidence on which reasonable jurors could have relied to conclude that age was the motivating factor in the decision to redeploy Jarvis and that Jarvis was constructively discharged includes:  (1) Haynes's deposition testimony in which he acknowledged that Jarvis's age entered into Haynes's decision, Trial Tr. at 195, 204, reprinted in Appellant's App. at 82, 91; (2) inferences from the timing of events, particularly the offer of early retirement and Jarvis's selection for redeployment; (3) inferences from the fact that Sundstrand could not tell Jarvis what position in the factory he was being redeployed to or what pay rate he

-12-

would receive; and (4) inferences from the parallels in treatment between Jarvis and Ed Stout, another Sundstrand employee who declined early retirement, was chosen for uncertain redeployment, and then chose to accept early retirement.

Of this evidence, the most direct evidence on which a reasonable jury could have chosen to rely was Haynes's deposition testimony.  The jury was read the following excerpt:

"Question: So have we covered all of the reasons then why Mr. Jarvis was chosen to be the one to let go from operations planning?

"Answer: As far as I'm concerned.

. . . "He being the oldest one in the operations planning department, did that enter into your decision?

"Correct.

"He being the only one eligible for early retirement didn't enter into your decision?

"That's correct."

Trial Tr. at 203-05, reprinted in Appellant's App. at 90-91. At trial, Haynes explained that his apparent admission was a typographical error. Id. at 195, reprinted in Appellant's App. at 82. Considering the context of the statement, Haynes's explanation is plausible.

However, in analyzing the evidence, this Court must not consider questions of credibility or engage in weighing or evaluating the evidence. See White, 961 F.2d at 779. The fact remains that Haynes's deposition testimony constitutes evidence for a reasonable jury to find that Sundstrand was motivated by Jarvis's age. This, together with the reasonable inferences that could be drawn from other evidence, allowed the district court to conclude properly that the evidence at trial was legally sufficient for a jury to find that age was the motivating factor in Sundstrand's decision to redeploy Jarvis and that Jarvis was constructively discharged.

-14-

**IV.**

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.