_____
No. 96-4101
_____

Rhonda Yarbrough,                    *
                                     *
         Appellant,          *    Appeal from the United States
                             *       District Court for the Western
vs.                          *        District of Arkansas
                             *
United Steelworkers of       *
America; United Steelworkers *
of America Local 6794; and   *
Cleata Draper,               *
                             *
         Appellees.          *


_____
Submitted: June 9, 1997
  Filed: September 15, 1997
_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and KYLE[1], District
Judge.
_____

KYLE, District Judge.

     This action arises from events which took place during a 1994 labor
strike against Nickell Molding Company ("the Company") in Malvern,
Arkansas.  The United Steelworkers of America ("USWA") and its affiliate,
Local No. 6794 ("the Unions")authorized the strike.  In support of the
strike, workers set up picket lines at the entrance to the Company's plant.
Of the Company's approximately 75 employees, 13, including appellant Rhonda
Yarbrough ("Yarbrough"), crossed the picket lines and continued to work
during the strike.  The strikers carried picket signs prepared by the
Unions.  In addition, strikers prepared and carried several handmade signs.

_____

     [1]The HONORABLE RICHARD H. KYLE, United States District Judge
for the District of Minnesota, sitting by designation.

For the most part, all such signs contained non-objectionable messages referring to the strike.

Following ten days of picketing without incident, a striking member, Cleata Draper ("Draper), carried a sign which identified Yarbrough by name and contained language subsequently found by a jury to be defamatory — for purposes of this appeal the defamatory nature of the sign's message is not challenged.

Yarbrough sued the Unions and Draper, alleging several claims; however, only her defamation claim survived pretrial motions. Finding in favor of Yarbrough, the jury awarded her $500 "actual" damages against each Defendant. It also awarded her punitive damages as follows: $5,000 against Draper, $5,000 against Local 6794, and $35,000 against USWA.

Following the jury's verdict, the Unions moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b)(1)(C). The trial court[2] granted the motion as to USWA and Local 6794, but denied it as to Draper. Yarbrough appeals; Draper does not. We affirm.

In reviewing the trial court's Order, we must keep in mind the heightened burden of proof a party who seeks to impose liability upon a labor union for the unlawful acts of its members or agents must meet. Section 6 of the Norris-LaGuardia Act states:

> No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members, or agents, except upon clear proof of actual participation in, or

---

[2]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas.

> actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof.

29 U.S.C. § 106 (1973)(emphasis added).

The United States Supreme Court has described the purpose and meaning of Section 6:

> The driving force behind § 6...was the fear that unions might be destroyed if they could be held liable for damage done by acts beyond their practical control...Although the statute does not define "clear proof," its history and rationale suggest that Congress meant at least to signify a meaning like that commonly accorded such similar phrases as "clear, unequivocal, and convincing proof."

United Mine Workers v. Gibbs, 383 U.S. 715, 736-37, 86 S.Ct. 1130, 1144 (1966)(emphasis added). Plaintiff's burden in a case such as this is to "persuade by a substantial margin...." Id., 383 U.S. at 737, 86 S.Ct. at 1145.

The issue below, and the only issue before this Court, is whether Yarbrough presented "clear proof" of the Unions' "participation in," "actual authorization" of, or "ratification of such acts after actual knowledge thereof." The "act" in the instant case is the defamatory message on the handmade sign held by Draper on the picket lines.

Yarbrough acknowledges that "she was required to show by clear proof that the Unions authorized, participated in, or ratified the action of its member, Cleata Draper." (App. Brief. p. 12.) Contending that she presented sufficient evidence to satisfy the "clear proof" standard, she relies upon the following: (1) a Union representative gave permission to Union members to carry handmade signs; (2) had the Unions either provided signs for all members or

given instructions as to what was permissible on any handmade signs, the situation here could have been avoided; and (3) evidence of other signs containing names of persons crossing the picket lines should have been sufficient to support a determination that the Unions <u>ratified</u> Draper's actions.

In reviewing a judgment as a matter of law, this Court uses the same standard as the district court:

> In a motion for [a judgment as a matter of law], the question is a legal one, whether there is sufficient evidence to support a jury verdict. This court must analyze the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility. We have also stated that to sustain a motion for [a judgment as a matter of law], all the evidence must point one way and be susceptible of no reasonable inference sustaining the position of the nonmoving party.

<u>White v. Pence</u>, 961 F.2d 776, 779 (8th Cir. 1992)(footnote and citations omitted); <u>see</u> <u>also</u> <u>Jarvis v. Sauer Sundstrand Co.</u>, 116 F.3d 321, 324 (8th Cir. 1997).

The District Court, in a thorough and well-reasoned Memorandum and Order, concluded that the evidence presented did not constitute clear proof that either the USWA or Local 6794 authorized, participated in, or ratified Draper's preparation or display of the defamatory message on the picket sign. Specifically, the District Court found that (1) "no evidence was presented that...any...union official knew that any crossover employee's [Plaintiff Yarbrough] name would be used or that an objectionable message would be displayed;" (2) "no evidence [was presented] demonstrating actual participation, authorization, or ratification of Draper's act;" and

(3) there was no evidence "from which participation, authorization, or ratification may be reasonably inferred."

We have made our own review of the trial record, the trial court's Memorandum and Order, the Briefs submitted to this Court, and counsel's oral arguments. That review demonstrates that the District Court properly granted judgment as a matter of law because there was no "clear proof" to support the jury's verdict; nor was there evidence from which reasonable inferences might be drawn to support the jury's determination of the Unions' participation, authorization, or ratification of Draper's conduct.

We share the trial court's evaluation of the evidence — there was no evidence that any Union officer knew that Yarbrough's name would be used or that objectionable language would appear on the handmade sign. It is also clear from the testimony that immediately after the display of the objectionable sign, the Unions instructed the strikers not to bring signs to the picket lines which contained personal names — and those instructions were followed. Finally, there is no evidence connecting the Unions to the display of the defamatory message. The evidence to which Yarbrough cites to support her claim may demonstrate the Unions' negligence in allowing Draper to carry the defamatory sign, but it does not support, and certainly does not <u>clearly</u> support, the conclusion that the Unions participated in, authorized, or ratified Draper's action. Under these circumstances, the trial court was required to direct the entry of judgment in favor of the Defendant Unions.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.