# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3907

_____

| | | |
|---|---|---|
| Dedrick Williams, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Ecolab, Inc., | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Defendant-Appellee, | * | District of Arkansas. |
| | * | |
| DBS Manufacturing, Incorporated, | * | [UNPUBLISHED] |
| | * | |
| Defendant, | * | |
| | * | |
| Zurich Insurance Company, | * | |
| | * | |
| Intervenor Below. | * | |

_____

Submitted: September 9, 2002

Filed: September 26, 2002

_____

Before HANSEN, Chief Judge, LAY and MURPHY, Circuit Judges.

_____

PER CURIAM.

This is an appeal in a product liability case; federal jurisdiction exists by reason of diversity of citizenship. See 28 U.S.C. 1332(a)(1). In December 1999,

Dedrick Williams, a citizen of Arkansas, suffered a debilitating injury to his eyes while using chemicals and cleaning equipment manufactured and distributed by Ecolab, Inc., whose principal place of business was in St. Paul, Minnesota. A jury trial ensued resulting in a verdict for Ecolab. Williams filed a motion for a new trial and a motion for relief under Federal Rule of Civil Procedure 60(b), which the district court denied.[1] Williams thereafter filed this timely appeal from the judgment of the district court.

On appeal, Plaintiff asserts that he has new evidence by reason of the recantation of an adverse witness. He also claims the trial judge erred by allowing prejudicial expert testimony.

The standard of review when considering a district court's denial of a new trial is abuse of discretion. Foster v. Time Warner Entm't Co., 250 F.3d 1189, 1194 (8th Cir. 2001). As Justice Byron White[2] wrote in Pulla v. Amoco Oil Co.: "We have made clear that district courts enjoy broad discretion in choosing whether to grant a new trial, and thus, we accord great deference to their Rule 59 rulings." 72 F.3d 648, 656 (8th Cir. 1995) (citing White v. Pence, 961 F.2d 776, 781 (8th Cir. 1992)).

Upon review of the record, we find the district court did not abuse its discretion in denying Mr. Williams' request for a new trial and his motion for relief from the judgment.[3]

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]Sitting by designation in the Eighth Circuit Court of Appeals.

[3]Plaintiff's motion for a new trial fails to set out any ground relating to the recantation of the defense witness' testimony under Federal Rule of Civil Procedure 60(b). However, it appears the district court was cognizant of the 60(b) filing and the attached affidavit, although the court did not expressly discuss the claim. Under such

The opinion of the district court is AFFIRMED.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

circumstances, we need not discuss the procedural deficiencies of his motion for a new trial.