# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 02-3763

———————

| | | |
|---|---|---|
| Mohammed Mirza; | * | |
| Samir Financial Services, | * | |
| | * | |
| Plaintiffs - Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Midland International Tileworks; | * | Appeal from the United States |
| Coast Business Credit; | * | District Court for the |
| | * | Southern District of Iowa. |
| Defendants, | * | |
| | * | [UNPUBLISHED] |
| Federal Deposit Insurance Corporation,[1] | * | |
| as Receiver for Southern Pacific Bank, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: May 16, 2003

Filed: August 4, 2003

———————

Before BOWMAN and BYE, Circuit Judges, and ERICKSEN,[2] District Judge.

———————

_____

[1]Federal Deposit Insurance Corporation has been substituted in this appeal for Coast Business Credit, a division of the now-insolvent Southern Pacific Bank.

[2]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

PER CURIAM.

A jury found in favor of Mohammed Mirza and Samir Financial Services in this contract dispute. The Federal Deposit Insurance Corporation appeals the district court's[3] denial of a motion for judgment as a matter of law and we affirm.

Mirza is a "loan finder" and owner of Samir Financial Services, Inc. Mirza introduces commercial borrowers seeking financing to commercial lenders, and if the negotiations result in a loan being approved he is paid from the proceeds of the loan at closing.

Coast Business Credit was a nationwide commercial lender based in Los Angeles, California, and frequently used referrals from loan finders to locate borrowers; approximately 90 percent of Coast's business fees came from clients brought to it by loan finders.

Mirza alleged he introduced Midland International Tileworks to Coast and the two negotiated an $18 million line of credit. Mirza further alleged Midland and Coast agreed to pay him a one-half of one percent finder's fee ($90,000) when the deal was closed. Coast, however, paid the finder's fee to a second loan finder claiming Coast had not contracted to pay Mirza the finder's fee, and Mirza's efforts were not the procuring cause of the loan to Midland. A jury disagreed and awarded Mirza $90,000. Coast and Midland moved for judgment as a matter of law which was denied. Coast now appeals, arguing Mirza failed to present sufficient evidence of a contractual obligation on behalf of Coast, and Mirza failed to present sufficient evidence showing the Midland deal resulted from his efforts.

---

[3]The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

We review the district court's denial of a motion for judgment as a matter of law de novo using the same standards as the district court.  <u>Keenan v. Computer Assocs. Int'l</u>, 13 F.3d 1266, 1268 (8th Cir. 1994).  Our task is to determine "whether there is sufficient evidence to support the jury's verdict."  <u>Id.</u> (quoting <u>White v. Pence</u>, 961 F.2d 776, 779 (8th Cir. 1992)).  In doing so, we view the "evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility."  <u>Id.</u>

The district court concluded the evidence was sufficient for the jury to find a contractual obligation on Coast's behalf, and Mirza was the procuring cause of the loan to Midland.  We agree.  Because an extended discussion would add nothing to the well-reasoned order of the district court, we affirm under 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.